U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2021 JAN 12 PM 3: 11

CLERK
BY _____
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

TYLER BAKER, and )
ERICA BAKER, )
　 )
　Plaintiffs, )
　 )
v. ) Case No. 2:21-cv-4
　 )
PROCOLLECT, INC., )
　 )
　Defendant. )

### PLAINTIFFS' COMPLAINT

Plaintiffs, TYLER BAKER and ERICA BAKER ("Tyler" or "Erica" respectively and "Plaintiffs" collectively), by and through their attorneys, allege the following against Defendant, PROCOLLECT, INC. ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Count II of Plaintiffs' Complaint is based on the Vermont Consumer Fraud Act, VT. STAT. tit. 9, § 2451, et seq. ("VCFA") and the accompanying Vermont Attorney General Consumer Protection Rules, C.P. 104.01-104.07 ("C.P.").

### JURISDICTION AND VENUE

3. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

1

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claim contained within because it is so related to the claim in the action within such original jurisdiction that it forms part of the same case or controversy.

6. Venue and personal jurisdiction in this district are proper because Defendant does or transacts business within this district, and a material portion of the events at issue occurred in this district.

**PARTIES**

7. Plaintiffs are natural persons residing in the Town of Underhill, Chittenden County, State of Vermont.

8. Plaintiffs are consumers as that term is defined by the FDCPA and VCFA.

9. Plaintiffs allegedly owe a debt as that term is defined by the FDCPA and C.P.

10. A transaction for goods or services gave rise to the alleged debt.

11. Defendant is a debt collector as that term is defined by the FDCPA and C.P.

12. Within the last year, Defendant attempted to collect a consumer debt from Plaintiffs.

13. Defendant is a Texas business corporation and national debt collection agency headquartered in the City of Dallas, Dallas County, State of Texas.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. When an unpaid, outstanding account is placed with Defendant it is assigned a reference number.

16. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

17. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

18. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

20. Defendant is attempting to collect a consumer debt from Plaintiffs, allegedly owed by Plaintiffs arising from unpaid rent to Bridle Creek apartments, which Defendant assigned the file number, 5112600124010228.

21. The alleged debt at issue arises from transactions for personal, family, and household purposes.

22. Plaintiffs do not owe the alleged debt.

23. In or around February 2020, Defendant began placing collection calls to Plaintiff, Tyler on his cellular telephone at 802-238-2723 in an attempt to collect the alleged debt.

24. In or around February 2020, Defendant began placing collection calls to Plaintiff, Erica on her cellular telephone at 802-730-2435 in an attempt to collect the alleged debt.

25. On or about March 4, 2020, Plaintiff, Tyler returned one of Defendant's collection calls and spoke to Defendant's collector, who identified himself as Mr. West.

26. During the above-referenced telephone conversation:

    a. Plaintiff, Tyler disputed that Plaintiffs owe the alleged debt; and

    b. Plaintiff, Tyler told Mr. West that Plaintiff, Tyler and Plaintiff, Erica do not want to be called by Defendant again; and

    c. Mr. West told Plaintiff, Tyler that Defendant would continue to call Plaintiffs because it was Defendant's right to do so.

27. Despite Plaintiffs telling Defendant to stop calling Plaintiffs, and disputing the alleged debt, Defendant continued to call Plaintiffs unabated.

28. Despite Plaintiffs not owing the alleged debt, Defendant continues to erroneously verify the alleged debt as accurate with the credit bureaus.

29. Defendant's above-referenced actions were an attempt to coerce Plaintiff into payment of the alleged debt.

30. Defendant's actions unjustly condemned and vilified Plaintiffs for their non-payment of the alleged debt.

31. Defendant's statements and actions produced an unpleasant and/or hostile situation between Defendant and Plaintiffs.

32. Defendant's actions caused Plaintiffs mental distress.

33. Defendant's above-referenced conduct further affected Plaintiffs in a personal and individualized way by causing Plaintiffs to experience anger, stress, worry, frustration, embarrassment, and emotional distress.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiffs fully incorporate and re-allege paragraphs 1 through 33 as if fully set forth herein under Count I of Plaintiffs' Complaint.

35. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant employed such debt collection tactics

in an attempt to collect the alleged debt;

b. Defendant further violated § 1692d of the FDCPA when Defendant continued to call Plaintiffs after Plaintiffs told Defendant to stop calling Plaintiffs;

c. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant continued to call Plaintiffs after Plaintiffs told Defendant to stop calling Plaintiffs;

d. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in, at least, the following discrete violations of § 1692e;

e. Defendant violated § 1692e(2)(A) of the FDCPA by its false representation of the character and legal status of any debt when Defendant attempted to collect a debt from Plaintiffs that Plaintiffs disputed owing;

a. Defendant violated § 1692e(8) of the FDCPA by communicating to any person credit information which is known or which should be known to be false when Defendant reported the alleged debt to the credit bureaus despite Plaintiffs' dispute of the alleged debt and Plaintiffs not owing the alleged debt;

f. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

g. Defendant further violated § 1692e(10) of the FDCPA when Defendant's collector, Mr. West, made the false, deceptive, and misleading representation that Defendant had the right to continue to call Plaintiffs—despite Plaintiffs requesting that

Defendant stop calling Plaintiffs;

h. Defendant violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiffs' oral dispute of the validity of the alleged debt and continuing to assume the validity of the alleged debt when Defendant employed coercive and harassing tactics in its attempts to collect the alleged debt despite Plaintiffs' dispute of the alleged debt;

i. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Defendant ignored Plaintiffs' oral dispute of the alleged debt and employed coercive and harassing tactics in its attempts to collect the alleged debt despite Plaintiff's dispute of the alleged debt; and

j. Defendant violated § 1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt when Defendant engaged in all the misconduct alleged herein.

WHEREFORE, Plaintiffs, TYLER BAKER and ERICA BAKER, respectfully request judgment be entered against Defendant, PROCOLLECT, INC., for the following:

36. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

37. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

38. Any other relief that this Honorable Court deems appropriate.

## COUNT II
### DEFENDANT VIOLATED THE VERMONT CONSUMER FRAUD ACT AND THE VERMONT ATTORNEY GENERAL CONSUMER PROTECTION RULES

39. Plaintiffs fully incorporates and re-allege paragraphs 1 through 33 as if fully set forth herein under Count II of Plaintiffs' Complaint.

40. Defendant violated the VCFA based on the following:

    a. Defendant violated C.P. 104.01(c) by its false accusations made to another person, including any credit reporting agency, or the threat to so falsely accuse, that a consumer is willfully refusing to pay a just debt, when Defendant reported the alleged debt to the credit bureaus despite Plaintiffs' dispute of the alleged debt and Plaintiffs not owing the alleged debt;

    b. Defendant violated C.P. 104.02 by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt, arising out of a consumer transaction constitutes an unfair trade act and practice in commerce under 9 V.S.A. 2453(a), when Defendant employed such debt collection tactics in an attempt to collect the alleged debt;

    c. Defendant further violated C.P. 104.02 when Defendant continued to call Plaintiffs after Plaintiffs told Defendant to stop calling Plaintiffs;

    d. Defendant violated C.P. 104.02(d) by causing a telephone to ring or engaging any person in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to the person under the circumstances, or at times known to be times other than normal waking hours of the person, when Defendant continued to call Plaintiffs after Plaintiffs told Defendant to stop calling Plaintiffs;

    e. Defendant violated C.P. 104.04 by its use of any false, fraudulent, deceptive, or

    misleading representation or means to collect or attempt to collect any debt arising out of a consumer transaction or to obtain information concerning debtors constitutes an unfair and deceptive trade act and practice in commerce under 9 V.S.A. Section 2453(a), when Defendant engaged in, at least, the following discrete violations of C.P. 104.04;

    f. Defendant violated C.P. 104.04(e) by its false representations, or any representation which tends to create in the mind of the ordinary debtor a false, impression, of the character, extent or amount of a claim against a debtor, or of its status in any legal proceeding, when Defendant attempted to collect a debt from Plaintiffs that Plaintiffs disputed owing;

    g. Defendant further violated C.P. 104.04 when Defendant's collector, Mr. West, made the false, deceptive, and misleading representation that Defendant had the right to continue to call Plaintiffs—despite Plaintiffs requesting that Defendant stop calling Plaintiffs; and

    h. Defendant violated C.P. 104.05 of by its use of any unfair or unconscionable means to collect or attempt to collect any debt arising out of a consumer transaction constitutes an unfair trade act and practice in commerce under 9 V.S.A. Section 2453(a) when Defendant engaged in all the misconduct alleged herein.

41. Defendant's foregoing acts or omissions violated the VCFA as they are also deceptive acts or practices in commerce, which the VCFA has declared unlawful.

42. Defendant, by its employee/agent, Mr. West, acted with malice, ill will, or wantonly in disregard of Plaintiffs' rights.

43. Plaintiffs sustained damages and/or injury as a result of Defendant's misconduct.

WHEREFORE, Plaintiffs, TYLER BAKER and ERICA BAKER, respectfully request judgment be entered against Defendant, PROCOLLECT, INC., for the following:

44. Damages pursuant to § 2461(b) of the VCFA;

45. Exemplary damages pursuant to § 2461(b) of the VCFA;

46. Costs and reasonable attorneys' fees pursuant to § 2461(b) of the VCFA; and

47. Any other relief that this Honorable Court deems appropriate.

DATED: January 6, 2021

Respectfully submitted,

By: _____
Joshua Martin, Vermont Bar No. 4713
38 N. Main St. #189
Saint Albans, VT 05478
(802) 233-2545
greenmountainlegal@gmail.com,
Attorney for Plaintiffs